IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 2:19-CR-122-RAH |
| ) | |
| MELLISSA STACY ANN SMITH ) | (WO) |
| and RICHARD H. SMITH ) | |

**MEMORANDUM OPINION and ORDER**

Defendants Mellissa Stacy Ann Smith ("Mellissa") and Richard H. Smith ("Richard") (collectively "the Smiths") were charged on July 14, 2020, in a superseding indictment. The superseding indictment named Ronnie White as a co-defendant and charged the Smiths with money laundering in violation of 18 U.S.C. § 1956(h) (Count Four). (Doc. 76.) Richard was also charged with cocaine conspiracy in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three); and use of a communication facility to further the conspiracy in violation of 21 U.S.C. § 843(b) (Count Nine). (*Id.*)

The superseding indictment also included three forfeiture allegations. (*Id.*) Two of the three forfeiture allegations are relevant to Mellissa. In Forfeiture Allegation – 1, the Government referenced Counts One, Two and Nine against Richard, and stated that upon his conviction of either offense, he shall forfeit to the

United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from proceeds he obtained directly or indirectly as a result of the listed violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of 21 U.S.C. §§ 843, 841(a), 846, and 843(b). The allegation listed the 2012 BMW 328 xi sedan seized by the DEA on December 17, 2017. (Doc. No. 76, pp. 5-6.)  The vehicle was also listed in Forfeiture Allegation – 3, which referenced Count Four.  Upon conviction of either of the Smiths, the vehicle would be forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1), as property constituting or derived from proceeds the defendants obtained directly or indirectly as a result of said violations and as property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). (Doc. No. 76, pp. 8-9.)

On May 15, 2020, Richard filed a motion to suppress any and all physical or testimonial evidence and any derivatives therefrom that arose from the traffic stop occurring on December 17, 2017.  (Doc. 35.) Claiming the officers did not have reasonable suspicion or probable cause to stop his vehicle, search his person, or prolong the stop, Richard contends that all evidence seized and statements made should be suppressed because the search violated the Fourth Amendment to the

United States Constitution. On June 1, 2020, Mellissa filed a motion to suppress (Doc. 53) any and all evidence seized from the vehicle and a motion to return property (Doc. 68). She asserts similar claims and that she had an expectation of privacy because she is the owner of the vehicle.

After an evidentiary hearing, the Magistrate Judge recommended the Court deny the Motions to Suppress Evidence and Motion to Return Property. (Doc. 137.) On December 22, 2020, the Smiths filed Objections to the Report and Recommendation of the Magistrate Judge. (Docs. 138, 140.) Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge and video evidence, and for the reasons that follow, the Court concludes that the Objections are due to be OVERRULED and the Motions to Suppress are due to be DENIED.

## I. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

*De novo* review requires the district court to independently consider factual

issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.*

## II.  DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation. Consequently, a summary of the facts related to the Motions to Suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact as set forth in the Recommendation. This Court has reviewed the arguments of the parties, the suppression hearing transcript, and the evidence, including the video of the incident.

### A. The Initial Stop of the Vehicle

#### 1.  The Telephone Recordings

The Smiths object to the Magistrate Judge's finding of probable cause to stop the vehicle. Specifically, they argue that the officers' collective belief that Richard was engaged in illegal conduct was based on nothing more than speculation and

4

guesswork. The Smiths assert there was no mention of illegal activity in the telephone recordings. Mellissa argues that Montgomery Police Lieutenant Scott Dunn's testimony that he believed White and Defendant Richard Smith were speaking in "coded language" that is "common within the narcotics trade" during the intercepted calls is no more than "speculative interpretative commentary" and therefore should not be considered.  (Doc. 140, p. 5.)

Citing *United States v. Hawkins*, 934 F.3d 1251, 1260-1269 (11th Cir. 2019), Mellissa argues the Magistrate Judge's reliance on Lieutenant Dunn's testimony for the purpose of establishing probable cause was erroneous.  In *Hawkins*, the Eleventh Circuit reversed the defendants' convictions, concluding that the district court erred in allowing the lead case agent to give improper opinion testimony regarding the substance of communications on the defendant's phone calls and text messages.  The appellate court, however, recognized the use of law enforcement officers as experts to interpret coded language and jargon or to explain drug trafficking practices is not categorically prohibited.  934 F.3d at 1261.  Nonetheless, the court held that the agent's testimony went beyond the scope of appropriate testimony during the trial by "interpret[ing]" unambiguous language, mixing expert opinion with fact testimony, and straying into "speculation and unfettered, wholesale interpretation of the evidence." *Id*. at 1261.  When the Government argued on appeal that the agent

had merely testified as a lay witness, the court countered that the agent had been "paraded before the jury as an expert" and criticized the "indiscriminate merging of fact testimony with expert testimony." *Id.* at 1265-66.

Here, the circumstances are procedurally distinguishable. A hearing on a motion to suppress is a pretrial hearing. Unlike a trial in which the factfinder must consider whether there is probable cause to find a criminal defendant guilty of a crime, the Magistrate Judge was tasked with determining whether the officers violated the Smiths' Fourth Amendment rights. Specifically, the Magistrate Judge considered whether the officers had reasonable suspicion to stop, and probable cause to detain, Mr. Smith. Furthermore, as noted by the Magistrate Judge, the evidence presented during the suppression hearing demonstrated that the training and experience of the Drug Enforcement Administration Task Force formed the basis for the officers' interpretation of the conversations. (Doc. 137, pp. 2-4.) The Magistrate Judge's finding is supported by the record. (Doc. 81, pp. 40, 42, 49-50, 54-55, 61, 70.) Thus, to the extent the Smiths challenge Lieutenant Dunn's testimony on this basis, the objections are due to be overruled.

Mellissa also argues the officer did not have probable cause to stop the vehicle because Lieutenant Dunn was instructed to establish his own probable cause to stop the vehicle and therefore the task force officers did not believe there was probable

cause for the stop. The fact that the officers directed Lieutenant Dunn to establish separate probable cause to stop the vehicle does not mean the Drug Task Force officers did not already have probable cause to conduct a stop based on the other circumstances. The Smiths' objection on this basis is unavailing.

### 2. The Tinted Windows

Richard argues Lieutenant Dunn lacked reasonable suspicion to affect the initial traffic stop for a window tint violation. (Doc. 138, pp. 20-23.) Specifically, he argues the stop was unlawful because the investigation of a window tint violation was impractical in rainy weather and the car windows were not dark. (*Id*.) This argument was previously raised in his motion to suppress (Doc. 35) and considered in the Magistrate Judge's Recommendation. This Court has reviewed the transcript of the suppression hearing and video of the stop. The Court finds the Magistrate Judge's findings are supported by the evidence. The car windows were dark. Although it was raining outside at the time of the stop, the rain was light and intermittent. The Court accepts the Magistrate Judge's factual findings and legal analysis regarding the initial traffic stop. Consequently, the Smiths' objection on this basis is due to be overruled.

### B. The Prolongment of the Stop

The Smiths object to the Magistrate Judge's finding that the vehicle stop was

not unlawfully prolonged, reiterating the arguments set forth in their motions to suppress. (Docs. 35, pp. 11-14; Doc. 138, pp. 17-20.) Specifically, the Smiths assert Lieutenant Dunn unlawfully extended the traffic stop after completing the warning for the alleged tint violation, in violation of *Rodriguez v. United States*, 575 U.S. 348 (2015). Mellissa also objects to the Magistrate Judge's finding that the extension of the stop was justified based on the totality of the circumstances, including the wiretap information, Richard's nervousness, Lieutenant Dunn's detection of the odor of chemicals used to process cocaine, and the dubious answers given by Richard to Lieutenant Dunn during the traffic stop. (Doc. 140, p. 7.) Mellissa asserts the evidence shows otherwise and implores the Court to view the video of the vehicle stop. (*Id.*, p. 8.)

This Court has reviewed all the evidence and considered the arguments of the parties. The Magistrate Judge's findings are supported by the record and her analysis is supported by the law. This Court, therefore, accepts the Magistrate Judge's findings and conclusions. Consequently, the Smiths' objections to the prolongment of the stop which were previously considered by the Magistrate Judge are due to be overruled.

### C. The Search of Richard Smith's Person

Richard objects to the Magistrate Judge's determination that the second pat-

down search was justified for officer safety. He asserts that the Magistrate Judge failed to reference the first and second pat-down searches in her recitation of the facts and in her analysis. He also objects to the Magistrate Judge's finding that the pat-down search transformed into a warrantless search for contraband when Lieutenant Dunn smelled the odor of chemicals associated with cocaine emanating from Smith's person. He argues that the Magistrate Judge should not have credited the testimony of Lieutenant Dunn because his testimony was inconsistent with the testimony of the canine handler Officer Williams.

The objections related to Richard's challenge to the second pat-down search for weapons and the warrantless search for contraband were previously raised in his motion to suppress and were addressed by the Magistrate Judge. The Court, however, notes that contrary to Richard Smith's assertion, the Magistrate Judge did reference both the initial and subsequent searches of his person in her Recommendation. (Doc. 137, p. 30.) Furthermore, this Court has read the testimony of both officers, including Lieutenant Dunn's testimony that the odor was more prominent when Richard moved his coat during the second pat down[1], as well as reviewed the video evidence, and finds the Magistrate Judge's acceptance of Lieutenant Dunn's testimony regarding his observations and conclusions made as

---

[1] (Doc. 81, at R. 133, 171.)

the result of his experiences are supported by the record. The Court recognizes that the canine handler testified that he did not recall smelling anything unusual. Lieutenant Dunn, however, was in a better position to smell intermittently the unusual odor while he was seated next to Richard in his vehicle and when he conducted the second pat down of Richard's person. This Court therefore accepts the Magistrate Judge's credibility finding. Thus, Richard's Objections to the Recommendation on this basis are due to be overruled.

### D. The Magistrate Judge's Credibility Findings

Mellissa objects to the Magistrate Judge's credibility and factual findings regarding the officers. Specifically, she argues a new hearing before the District Judge is necessary.

As previously noted, when accepting a Magistrate Judge's credibility findings, the district court must review the transcript or listen to a recording of the proceedings. *Jeffrey S. ex rel. Ernest S.*, 896 F.2d at 513. The district court, however, is not required to rehear the testimony. *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that upon the district court's review of a magistrate judge's recommendation on dispositive motions, § 636(1)(B) "calls for a de novo determination, not a de novo hearing"); *Wofford v. Wainwright*, 748 F.2d 1505, 1507

(11th Cir. 1984) ("[T]he Due Process Clause does not require a district judge who has referred a suppression motion to a magistrate [judge] for an evidentiary hearing to hold a second hearing before adopting the magistrate[] [judge's] evaluations of the witnesses' credibility."). Thus, the Objection on this basis is due to be overruled.

## III.  CONCLUSION

Accordingly, after an independent review, it is

ORDERED as follows:

1. The Smiths' Objections (Docs. 138, 140) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 137) is ADOPTED;

3. The Smiths' Motions to Suppress (Docs. 35 and 53) are DENIED; and

4. Mellissa's Motion to Return Property (Doc. 68) before trial is DENIED.

DONE, this 24th day of February, 2021.

        /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE